## MISSOURI CIRCUIT COURT 21ST JUDICIAL CIRCUIT
### (ST. LOUIS COUNTY)

| | |
|---|---|
| BARZIN EMAMI, individually and on behalf of all others similarly situated, ) ) ) ) PLAINTIFF, ) ) v. ) ) ) HOME DEPOT, INC., FRIGIDAIRE/ ) ELECTROLUX, ALLSTATE INSURANCE ) COMPANY, AND PAT HODGE, ) ) ) DEFENDANTS, ) | CASE NUMBER: |

### CLASS ACTION AND INDIVIDUAL COMPLAINT

COMES NOW Plaintiff, Barzin Emami, individually and on behalf of all others similarly situated, by and through undersigned counsel, and for his Class Action Complaint against Defendants Home Depot, Inc., Frigidaire/Electrolux, Allstate Insurance Company, and Pat Hodge, states and alleges as follows:

### Parties, Jurisdiction, and Venue

1. Plaintiff Barzin Emami is an individual residing at 2301 Arsenal, St. Louis, Missouri.

2. Defendant Home Depot, Inc. is a corporation organized under the laws of Delaware, with retail stores operating in Missouri and throughout the United States, including the Ellisville, Missouri location where the events giving rise to this action occurred.

3. Defendant Frigidaire/Electrolux is a corporation organized under the laws of Delaware, with its principal place of business at 10200 David Taylor Drive, Charlotte, North Carolina. Frigidaire/Electrolux manufactures and distributes refrigerators and other appliances.

4. Defendant Allstate Insurance Company is an insurance company organized under the laws of Illinois and provides extended warranty services nationwide, including the extended warranty program at issue herein.

5. Defendant Pat Hodge is an individual employed by Defendant Home Depot, Inc., serving as a manager in the appliances section at the Ellisville, Missouri store.

6. Venue is proper in this Court pursuant to Missouri law because the actions and omissions giving rise to this Complaint occurred in St. Louis County, Missouri.

### General Allegations

7. On December 2, 2023, Plaintiff purchased a Frigidaire refrigerator from Defendant Home Depot at its Ellisville, Missouri location. The refrigerator was delivered to Plaintiff's residence on December 11, 2023.

8. Plaintiff purchased a one-year manufacturer's warranty provided by Defendant Frigidaire/Electrolux and a two-year extended warranty offered by Defendant Allstate Insurance Company through Defendant Home Depot.

9. The refrigerator was defective upon delivery, failing to perform its intended functions, including maintaining proper cooling and freezing temperatures.

10. Plaintiff promptly contacted Defendants Home Depot and Frigidaire to report the defect and requested repair, replacement, or refund under the warranties. Defendants failed to provide any remedy.

11. Plaintiff also contacted Defendant Allstate to make a claim under the extended warranty but was denied coverage due to procedural barriers that effectively rendered the warranty worthless.

12. Plaintiff has since learned that Defendants' actions are part of a systemic pattern of misconduct. Thousands of customers have purchased defective refrigerators manufactured by Frigidaire/Electrolux and sold by Home Depot.

13. Defendants routinely deny warranty claims through unreasonable delays, procedural obstacles, or outright refusals, causing significant harm to consumers nationwide.

14. Defendant Pat Hodge, acting as a representative of Defendant Home Depot, retaliated against Plaintiff for raising concerns by making baseless and defamatory accusations of terrorism and violence, causing Plaintiff severe emotional distress and reputational harm.

### Class Action Allegations

15. Plaintiff brings this action individually and on behalf of all others similarly situated pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure. Plaintiff seeks certification of the following class:

**All individuals in the United States who purchased a Frigidaire refrigerator from Home Depot and experienced defects in the product and/or were denied coverage under the manufacturer's warranty or extended warranty offered by Allstate.**

16. Excluded from the class are Defendants, their officers, directors, and employees, as well as the Court and its staff assigned to this action.

17. The class is so numerous that joinder of all members is impracticable. On information and belief, thousands of Frigidaire refrigerators with the defects alleged herein were sold by Home Depot to customers across the United States, many of whom have experienced product defects and subsequent denials of warranty coverage.

18. Common questions of law and fact exist among class members, including but not limited to:

    a. Whether the refrigerators manufactured by Frigidaire/Electrolux and sold by Home

Depot were defective;

b. Whether Defendants knew or should have known about the defects at the time of sale;

c. Whether Defendants breached their warranties or unreasonably denied claims under the warranties;

d. Whether Defendants engaged in unfair and deceptive business practices by failing to disclose the defects and systematically denying warranty claims;

e. Whether class members suffered damages as a result of Defendants' conduct; and

f. The appropriate measure of damages for class members.

19. Plaintiff's claims are typical of the claims of the class. Like other class members, Plaintiff purchased a defective refrigerator from Home Depot and was denied warranty remedies despite being covered under the express or extended warranties.

20. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that conflict with the interests of other class members. Plaintiff has retained counsel experienced in consumer protection and class action litigation who are fully prepared to vigorously litigate this action.

21. A class action is the superior method for adjudicating this controversy. The individual damages suffered by each class member are relatively small compared to the cost of litigation, making individual lawsuits economically unfeasible. Class treatment allows for efficient resolution of common issues and provides a remedy for all class members who might otherwise be unable to obtain redress.

### Count I: Breach of Warranty Against Frigidaire/Electrolux

22. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

Electronically Filed - St Louis County - December 12, 2024 - 11:06 AM

23. Defendant Frigidaire/Electrolux provided an express one-year manufacturer's warranty guaranteeing that its refrigerators were free from defects and fit for their intended purposes.

24. Defendant breached this warranty by selling refrigerators that were defective upon delivery and failing to repair, replace, or refund the defective refrigerators after being notified of the defects.

25. As a direct and proximate result of Defendant's breach, Plaintiff and class members have suffered damages, including the purchase price of the refrigerators, repair costs, consequential damages, and loss of use.

## Count II: Breach of Extended Warranty Against Allstate Insurance Company

26. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

27. Defendant Allstate Insurance Company offered and sold extended warranty coverage for the refrigerators, promising repair, replacement, or refund in the event of defects.

28. Defendant systematically denied valid warranty claims through procedural barriers, unreasonable delays, and arbitrary denials, effectively depriving Plaintiff and class members of the benefits of the extended warranty.

29. Defendant's conduct constitutes a breach of the extended warranty agreement.

30. As a direct and proximate result of Defendant's breach, Plaintiff and class members have suffered damages, including loss of use, repair costs, and other financial losses.

## Count III: Missouri Merchandising Practices Act Violations Against Home Depot, Inc.

31. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

32. Defendant Home Depot, Inc. engaged in deceptive and unfair trade practices in violation of the Missouri Merchandising Practices Act, RSMo § 407.010 et seq., by:

    a. Selling defective refrigerators with knowledge of their defects;

    b. Representing that the refrigerators were fit for their ordinary use when they were not;

    c. Failing to provide refunds, repairs, or replacements as required under the warranties; and

    d. Offering extended warranties through Allstate that it knew were unlikely to be honored.

33. Defendant's deceptive conduct caused Plaintiff and class members to suffer ascertainable losses, including financial harm, inconvenience, and emotional distress.

### Count IV: Fraudulent Misrepresentation Against All Defendants

34. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

35. Defendants knowingly or recklessly misrepresented that the refrigerators were functional, free from defects, and covered by warranties that would be honored in the event of defects.

36. These misrepresentations were material and made with the intent to induce Plaintiff and class members to purchase the refrigerators and associated warranties.

37. Plaintiff and class members relied on these misrepresentations to their detriment.

38. As a direct and proximate result of Defendants' fraudulent misrepresentations, Plaintiff and class members suffered financial harm and other damages.

Electronically Filed - St Louis County - December 12, 2024 - 11:06 AM

**Count V: Intentional Infliction of Emotional Distress Against Pat Hodge**

39. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

40. Defendant Pat Hodge, acting in his capacity as a manager at Home Depot, responded to Plaintiff's warranty complaints by making false and defamatory accusations, including allegations of terrorism and violence.

41. Defendant's conduct was extreme, outrageous, and intended to cause, or recklessly disregarded the likelihood of causing, severe emotional distress to Plaintiff.

42. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe emotional distress, humiliation, and reputational harm.

**Prayer for Relief**

WHEREFORE, Plaintiff, individual appointment of Plaintiff as class representative;

1. Compensatory damages, including the purchase price of defective refrigerators, consequential damages, and repair costs;

2. Punitive damages where appropriate;

3. Injunctive relief requiring Defendants to cease unfair and deceptive practices and honor warranty obligations;

4. Prejudgment and post-judgment interest;

5. Attorneys' fees and costs as allowed by law; and

6. Such other and further relief as the Court deems just and proper.

/S/ CHARLES J. BARICEVIC
CHARLES J. BARICEVIC -64443
Chatham & Baricevic
107 West Main Street
Belleville, Illinois 62220
PHONE: 618-233-2200
FAX: 618-233-1589
cj@chathamlaw.org