UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARZIN EMAMI, *individually and on behalf of all others similarly situated*, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:25 CV 551 JMB ) |
| HOME DEPOT, INC., et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. Currently pending are the motions to dismiss filed by Defendants Allstate Insurance Company ("Allstate"), Home Depot, Inc. ("Home Depot"),[1] and Pat Hodge. (Docs. 12, 14). Plaintiff Barzin Emami has not opposed these motions, and the time to do so has expired. Plaintiff has also failed to show cause as to why his claims against Defendant Frigidaire/Electrolux should not be dismissed for failure to prosecute. For the reasons set forth below, the Court will grant the unopposed motions to dismiss, and it will dismiss Plaintiff's remaining claims against Frigidaire/Electrolux.

In December 2024, Plaintiff filed suit in the Circuit Court of St. Louis County on behalf of himself and all others similarly situated, alleging misconduct by Defendants in connection with Defendant Home Depot's sale of refrigerators manufactured by Defendant Frigidaire/Electrolux. (Doc. 1.3). In Plaintiff's state court petition, titled "Class Action and Individual Complaint," he

---

[1] In its notice of removal, Defendant Home Depot notes that Plaintiff's petition improperly names "Home Depot, Inc." as a defendant, that there is no corporate entity with that name, that Home Depot, Inc. is not a retailer and did not transact or communicate with Plaintiff, and that Home Depot U.S.A., Inc. is a home improvement retailer. (Doc. 1 at 1 n.1).

Page **1** of **5**

asserts the following claims: breach of warranty against Defendant Frigidaire/Electrolux (Count I), breach of extended warranty against Defendant Allstate (Count II), violations of the Missouri Merchandising Practices Act ("MMPA") against Defendant Home Depot (Count III), fraudulent misrepresentation against all Defendants (Count IV), and intentional infliction of emotional distress ("IIED") against Defendant Pat Hodge (Count V).  Id. at 43-49.  On April 21, 2025, Defendant Home Depot filed a Notice of Removal in this Court asserting diversity jurisdiction. (Doc. 1).

On June 12, 2025, Defendant Allstate moved for dismissal of Plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docs. 12, 13).  Defendant Allstate argues that Plaintiff fails to state a claim against it in Count II because he does not allege what contract terms Defendant Allstate breached.  Defendant Allstate further argues that Plaintiff fails to state a claim against it in Count IV because he does not allege fraud by Defendant Allstate with sufficient particularity, as required by Federal Rule of Civil Procedure 9(b).  (Doc. 13 at 4-10 (citing, inter alia, Futrell v. Lowe's, No. 4:21-CV-392 RLW, 2022 WL 292961, at *2 (E.D. Mo. Feb. 1, 2022) (setting forth the elements of a breach-of-contract claim under Missouri law); OmegaGenesis Corp. v. Mayo Found. for Med. Educ. & Rsch., 851 F.3d 800, 804 (8th Cir. 2017) (discussing Rule 9(b)'s heightened pleading requirements for claims grounded in fraud)).

The same day, Defendants Home Depot and Pat Hodge jointly moved for dismissal for failure to state a claim under Rule 12(b)(6).  (Docs. 14, 15).  These defendants argue that Plaintiff failed to state a claim against them in Counts III and IV because he failed to allege the essential elements of his MMPA and fraudulent misrepresentation claims with the particularity required by Rule 9(b).  They also argue that Plaintiff failed to state a claim against Defendant Pat Hodge in Count V because he failed to plausibly allege any of the required elements of an IIED claim.

(Doc. 15 at 5-15 (citing, inter alia, Tucker v. Gen. Motors LLC, 58 F.4th 392, 396-97 (8th Cir. 2023) (setting forth the elements of a MMPA claim); Geran v. Xerox Educ. Servs., Inc., 469 S.W.3d 459, 468 (Mo. Ct. App. 2015) (discussing the elements of an IIED claim under Missouri law)).

On June 18, 2025, the Court entered an Order stating that that it was unclear whether Plaintiff had adequately served Defendant Frigidaire/Electrolux. (Doc. 16). The Order directed Plaintiff to file a notice indicating whether sufficient service of process had been made upon this Defendant, and to submit copies of any supporting documents that demonstrate such service was made in accordance with the applicable federal and/or state rules of civil procedure. Id. Plaintiff failed to timely file such notice, and he did not otherwise respond to the Court's June 18 Order.

On July 7, 2025, Defendants Home Depot and Pat Hodge filed a Reply, arguing that Plaintiff had effectively waived any opposition to their motion to dismiss, and requesting that the Court grant their motion and dismiss Plaintiff's claims against them. (Doc. 18). On July 8, 2025, Defendant Allstate filed a Notice of Plaintiff's Failure to Timely Oppose its Motion to Dismiss, similarly requesting that the Court grant its motion. (Doc. 19). Also on July 8, the Court entered an Order to Show Cause, directing Plaintiff to show cause as to why the Court should not grant the pending motions to dismiss and why the Court should not dismiss Plaintiff's remaining claims for failure to prosecute. (Doc. 20). The Court admonished that failure to do so by July 11, 2025, could result in dismissal of the action. Id. To date, Plaintiff has neither opposed the motions to dismiss, nor responded to the Court's show cause order.[2]

---

[2] Despite several notifications from this Court, counsel for Plaintiff has not submitted the required application for admission to the Eastern District of Missouri.

Having reviewed the complaint and the motions, and for the reasons set forth in the moving parties' supporting memoranda, the Court will grant the motions to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"); Freitas v. Wells Fargo Home Mortg., Inc., 703 F.3d 436, 439 (8th Cir. 2013) (a party alleging fraud "must also meet the heightened pleading standards of [Rule] 9(b)"); see also O'Hara v. Fairbank, No. 4:24-CV-503-JAR, 2024 WL 2831201, at *1-2 (E.D. Mo. June 4, 2024) ("Plaintiff's failure to respond to Defendant's Motion to Dismiss is a sufficient basis upon which to dismiss Plaintiff's Complaint."). Given Plaintiff's failure to respond to the July 8 show cause order, the Court will also dismiss Plaintiff's remaining claims against Defendant Frigidaire/Electrolux for failure to prosecute. See Fed. R. Civ. P. 41(b); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); Brown v. Frey, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power under Rule 41(b) to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Allstate Insurance Company's Motion to Dismiss Plaintiff's Complaint (Doc. 12) is **GRANTED**, and that Plaintiff's claims against it in Counts II and IV are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants Home Depot, Inc. and Pat Hodge's Motion to Dismiss (Doc. 14) is **GRANTED**, and that Plaintiff's claims against them in Counts III, IV, and V are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Frigidaire/Electrolux in Counts I and IV are **DISMISSED** without prejudice for failure to prosecute.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

Dated this 15th Day of July, 2025